**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA

In the Matter of the Search of

**8875 Troy Street,**
**Spring Valley, California 91977**

SEARCH WARRANT

BY:

CASE NUMBER: '08 MJ 1998

TO: <u>Any Special Agent of the Drug Enforcement Administration</u> and any Authorized Officer of the United States

Affidavit having been made before me by <u>Special Agent Allan Karas</u>
who has reason to believe that on the premises known as

**8875 Troy Street, Spring Valley, California, 91977; and the vehicle described as a 2005 Ford pick-up bearing California license 7W54668; further described in Attachment A, herein incorporated by reference**

in the Southern District of California, there is now concealed a certain person or property, namely

**See Attachment B, herein incorporated by reference.**

which is the fruits, instrumentalities and evidence concerning a violations of Title <u>21</u> United States Code, Sections <u>841 and 846 and Title 18 United States Code, section 2</u>.

I am satisfied that the affidavits and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

**YOU ARE HEREBY COMMANDED** to search within 10 days the property specified, serving this warrant and making the search (in the daytime 6:00 a.m. to 10:00 p.m.) ~~(at any time of the day or night as I find reasonable cause has been established),~~ leaving a copy of this warrant and receipt for the property seized, and to prepare a written inventory of the property seized and promptly return this warrant to the issuing U.S. Magistrate Judge, as required by law.

~~Louisa S. Porter~~ **BARBARA L. MAJOR**
United States Magistrate Judge **U.S. MAGISTRATE**

6/30/08 at 11:06AM                    at    <u>San Diego, California</u>
Date/Time issued

| RETURN | | |
|---|---|---|
| DATE WARRANT RECEIVED<br>6-30-08 | DATE AND TIME WARRANT EXECUTED<br>6-30-08 1700hrs EST | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH<br>DiSKPANE (ARRESTED) & AT RESIDENCE |
| INVENTORY MADE IN THE PRESENCE OF: S/A Rarap (TFO Brandwill) | | |
| INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT | | |

See Attached DEA 12's
Pages 1 & 2

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this date.

_Louisa S. Porter_
United States Judge or Magistrate
**BARBARA L. MAJOR**
**U.S. MAGISTRATE JUDGE**

7/1/08
Date

1 of 2

# U.S. DEPARTMENT OF JUSTICE - DRUG ENFORCEMENT ADMINISTRATION
## RECEIPT FOR CASH OR OTHER ITEMS

**TO:** (Name, Title, Address (including ZIP CODE), if applicable)

JAMIE DISTEFANO

**FILE NO.** R2-08-0315

**G-DEP IDENTIFIER**

**FILE TITLE**

**DATE** 6-30-08

**DIVISION/DISTRICT OFFICE**

SDFD

I hereby acknowledge receipt of the following described cash or other item(s), which was given into my custody by the above named individual.

| AMOUNT or QUANTITY | DESCRIPTION OF ITEM(S) | PURPOSE (If Applicable) |
|---|---|---|
| 7 | grow lights (garage) | seized per SW |
| 4 | Ballasts (garage) | |
| 21 | Marijuana plants (garage) | |
| Numerous | packaging baggies - office | |
| 1 Notebook w/pay owe | Notebook w/pay owe  office | |
| 3 Bricks / 3 plastic baggies | Marijuana  office | |
| 1 can marijuana | Soda can w/marijuana  Living rm | |
| 1 | scale w/mj residue  Living room | |
| 1 | Swastika  office | |
| 1 | Flag w/ Swastika  office | office |
| 1 | Smith Wess 357 AJS5598 w/6 rounds | |
| 1 | Escort 12 gauge - 082926 w/4 rounds | |
| 1 | Rem .22 long - AZ109697 | |
| 1 | Marlin 12 gauge - unknown | |
| 1 | Mas / 2 shotgun rounds | |
| 1 | plastic bag w/ (~27) rounds | |

**RECEIVED BY (Signature)** [signature]

**WITNESSED BY (Signature)** [signature]

**NAME AND TITLE (Print or Type)** J.A. Kerns, S/A

**NAME AND TITLE (Print or Type)**

FORM DEA-12 (9-00) *Previous editions obsolete*

Electronic Form Version Designed in JetForm 5.2 Version

2 of 2

# U.S. DEPARTMENT OF JUSTICE - DRUG ENFORCEMENT ADMINISTRATION
## RECEIPT FOR CASH OR OTHER ITEMS

**TO:** (Name, Title, Address (including ZIP CODE), if applicable)

Jamie DiStefano

**FILE NO.** R2-08-0375

**G-DEP IDENTIFIER**

**FILE TITLE**

**DATE** 6 30 08

**DIVISION/DISTRICT OFFICE**

SDFD

I hereby acknowledge receipt of the following described cash or other item(s), which was given into my custody by the above named individual.

| AMOUNT or QUANTITY | DESCRIPTION OF ITEM(S) | PURPOSE (If Applicable) |
|---|---|---|
| 10 | Misc. bottles of med/pills (Crpk) | Seized |
| 3 | Vehicle titles (Bedroom) | per |
| 1 | Plastic bot w/ mj seeds (Bedroom) | SW |
| Misc | D2C paperwork (office 2 Bedrm) | |
| 1 | Triple beam scale (Bedroom) | |
| 1 Baggie | Pills (unknown) | |
| 5 | Video cameras (roof) | |
| 1 | Panasonic video cam | |

**RECEIVED BY** (Signature) [signature]

**WITNESSED BY** (Signature) [signature]

**NAME AND TITLE** (Print or Type) J. A. Kaas S/A

**NAME AND TITLE** (Print or Type)

FORM DEA-12 (9-00) *Previous editions obsolete*    Electronic Form Version Designed in JetForm 5.2 Version

## ATTACHMENT A

8875 Troy Street, Spring Valley, California 91977 is a light-colored single family residence surrounded by a chain link fence with a driveway on one side and residences on the other side. The numbers 8-8-7-5 are affixed to the eave of the residence on the side facing the driveway.

2005 Ford pickup truck, vehicle identification number 1FTPX12535NB77869, bearing California license 7W54668.



ATTACHMENT B

  a. Controlled substances to include, but not limited to marijuana and methamphetamine, paraphernalia for packaging, weighing, cutting, testing, distributing, growing, and identifying such controlled substance(s) including baggies, plastic wrapping, scales and other weighing devices.

  b. Documents and computer or electronic devices (and their contents) containing data reflecting or memorializing the ordering, possession, purchase, storage, distribution, transportation and sale of such controlled substance(s), including buyer lists, seller lists, pay-owe sheets, records of sales, log books, drug ledgers, personal telephone/address books containing the names of purchasers and suppliers of controlled substances, electronic organizers, computer databases, spreadsheets, rolodexes, telephone bills, telephone answering pads, bank and financial records, and storage records, such as storage locker receipts and safety deposit box rental records and keys.

  c. Money and assets derived from or to be used in the purchase of such controlled substance(s) and records thereof, including U.S. currency, artwork, precious metals and stones, jewelry, negotiable instruments and financial instruments including stocks and bonds, and deeds to real property, books, receipts, records, bank statements and records, business records, money drafts, money order and cashiers check receipts, passbooks, bank checks, safes and records of safety deposit boxes and storage lockers.

  d. Weapons, firearms, firearms accessories, and ammunition and documents relating to the purchase and/or possession of such items.

  e. Equipment used to detect police activities and surveillance, including radio scanners, video cameras, monitors and tape and wire transmitter detectors.

  f. Photographs and electronic images, such as video recordings and tape recordings (and their contents) which document the association with other co-conspirators and/or which depict narcotics, firearms, cash, real property, vehicles or jewelry.

  g. Documents and articles of personal property reflecting the identity of persons occupying, possessing, residing in, owning, frequenting or controlling the premises to be searched or property therein, including keys, rental agreements and records, property acquisition records, utility and telephone bills and receipts, photographs, answering machine tape recordings, telephone beeper or paging devices, rolodexes, telephone answering pads, storage records, vehicle and/or vessel records, canceled mail envelopes, correspondence, financial documents such as tax returns, bank records, safety deposit box records, canceled checks, and other records of income and expenditure, credit card and bank records, travel documents, personal identification documents, and documents relating to obtaining false identification, including birth certificates, drivers license, immigration cards and other forms of identification in which the same person would use other names and identities other than his or her own.

  h. Telephone paging devices, beepers (and their contents), cellular/mobile phones (and their contents), and other communication devices which evidence participation in a conspiracy to possess, manufacture, or distribute controlled substances.

  i. Telephone answering machines or devices, including listening to any recordings on the premises.

  j. Items that can be identified as stolen property.

## ADDENDUM TO ATTACHMENT B - PROPERTY TO BE SEIZED
### Page 1-of-2

### REGARDING THE SEIZURE OF COMPUTER INFORMATION

In searching for data capable of being read, stored or interpreted by a computer, law enforcement personnel executing this search warrant will employ the following procedure:

1. Upon securing the premises, law enforcement personnel trained in searching and seizing computer data who are not directly involved in the investigation of this case (the "computer personnel") will make an initial review of any computer equipment and storage devices to determine whether these items can be searched on-site in a reasonable amount of time and without jeopardizing the ability to preserve the data.

2. If the computer personnel determine it is not practical to perform an on-site search of the data within a reasonable amount of time, then the computer equipment and storage devices will be seized and transported to The Regional Computer Forensic Laboratory ("RCFL") for review. The computer equipment and storage devices will be reviewed by appropriately trained personnel in order to extract and seize any data that falls within the list of items to be seized set forth herein.

3. In searching the data, the computer personnel may examine all of the data contained in the computer equipment and storage devices to view their precise contents and determine whether the data falls within the items to be seized as set forth herein. In addition, the computer personnel may search for and attempt to recover "deleted," "hidden" or encrypted data to determine whether the data falls within the list of items to be seized as set forth herein.

4. If the computer personnel determine that the data does not fall within any of the items to be seized pursuant to this warrant or is not otherwise legally seized, the government will return these items within a reasonable period of time not to exceed 60 days from the date of seizure unless further authorization is obtained from the Court.

5. In order to search for data that is capable of being read or interpreted by a computer, law enforcement personnel will need to seize and search the following items, subject to the procedures set forth above:

    a. Any computer equipment and storage device capable of being used to commit, further or store evidence of the offense listed above;

//
//
//

**ADDENDUM TO ATTACHMENT B - PROPERTY TO BE SEIZED**
Page 2-of-2

b. Any computer equipment used to facilitate the transmission, creation, display, encoding or storage of data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices, and optical scanners;

c. Any magnetic, electronic or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD-ROMs, CD-R, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, and personal digital assistants;

d. Any documentation, operating logs and reference manuals regarding the operation of the computer equipment, storage devices or software.

e. Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices or data to be searched;

f. Any physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the computer equipment, storage devices or data; and

g. Any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data.